UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. |
| | : | |
| v. | : | (JUDGE          ) |
| | : | |
| JAMES H. SHORT, JR. | : | (ELECTRONICALLY FILED) |
| Defendant | : | |

I N F O R M A T I O N

Count 1
18 U.S.C. §§ 1341, 1346 and 2)
(Honest Services Mail Fraud)

The United States of America Charges:

1. At all times material to this information:

RELEVANT ENTITIES AND INDIVIDUALS

2. The Pennsylvania Liquor Control Board (PA-LCB) is a government agency created by statute that is responsible for regulating the sale of alcohol, educating consumers on the responsible use of alcohol and working to prevent underage use of alcoholic beverages (47 P.S. §2-201). The PA-LCB controls the purchase, transportation, warehousing, and distribution of alcohol in the Commonwealth of Pennsylvania through over 500 state run stores. At all times relevant to

this information, the PA-LCB had annual generated sales of between $1 billion and $2 billion and was one of the largest purchasers of alcohol and spirits in the world.

3. Company A was a business located outside of the Commonwealth of Pennsylvania involved in distilling a variety of spirits sold in interstate and foreign commerce. At times relevant to this information, Company A's products were sold in PA-LCB stores through a third party broker, Company B.

4. Company B is a leading wholesaler/ broker of wine and spirits in Pennsylvania. It is a licensed broker and vendor of record for a number of wines and spirits sold to the PA-LCB. At times relevant to this information, Company B was a broker for spirits sold by Company A to the PA-LCB.

5. At all times material to this indictment, the defendant, JAMES H. SHORT, JR., was the Director of Marketing for the PA-LCB. As Director of Marketing, SHORT supervised the process of selecting new products sold in PA-LCB stores. SHORT also supervised the process of removing (delisting) less successful products from being offered for sale in PA-LCB stores.

## FIDUCIARY DUTY

6.	As a public official, JAMES H. SHORT, JR., had a fiduciary duty to the PA-LCB, the Commonwealth of Pennsylvania, and the public.

7.	This fiduciary duty is based in the law and further defined by the Pennsylvania Public Official and Employee Ethics Act, 65 Pa. C.S.A. §1101, *et seq.* As public employee, the defendant held a public trust and "any effort to realize personal financial gain through public office other than compensation provided by law is a violation of that trust." 65 Pa.C.S. §1101.1(a)

8.	Pennsylvania law also prohibits any public official from soliciting or accepting "anything of monetary value, including a gift, loan, political contribution, reward or promise of future employment, based on an understanding of that public official . . . that the vote, official action or judgment of the public official ... would be influenced thereby." 65 Pa.C.S. §§1103(c), 1109(a). Public officials are prohibited, as a part of their fiduciary duty to the public, from engaging in any conduct which constitutes a conflict of interest. See, 65 Pa.C.S. §§1103(a), 1109(a).

9.	Under Pennsylvania law, public officials are required to file a truthful and complete annual statement of financial interests with the

Pennsylvania Ethics Commission. 65 Pa C.S. 1104.

## THE SCHEME

10. From in or about 2002 through 2012, in the Middle District of Pennsylvania and elsewhere, the defendant

JAMES H. SHORT, JR.

and others known and unknown to the United States devised and intended to devise a scheme and artifice to defraud and deprive the citizens of Pennsylvania, the Pennsylvania Liquor Control Board, and the Commonwealth of Pennsylvania, of their right to his honest and faithful services through bribery, kickbacks and the concealment of material information.

## PURPOSE OF THE SCHEME

11. The purpose of the scheme and artifice was for defendant JAMES H. SHORT to secretly use his official position to enrich himself by soliciting and accepting bribes and kickbacks from individuals and businesses in exchange for favorable official action and for the payers of the bribes and kickbacks to enrich themselves by secretly obtaining favorable official action for his/her companies through corrupt means.

## MANNER, MEANS AND METHODS

12. The scheme and artifice was carried out in the following manner and means, among others.

13. Between 2002 and 2012, representatives of Company A and Company B provided gifts, payments, and other things of value (the stream of benefits) to SHORT with the intent to garner SHORT's support in the listing and delisting of products by the PA-LCB. Representatives for Company A also provided a stream of benefits, which included payment of cash, meals, hospitality, and multiple all-expense paid trips. During this time period, representatives from Company B provided a stream of benefits to SHORT including dozens of meals, golf outings, sports tickets, alcohol, and gift cards. These payments of these things of value were for the purpose of influencing SHORT's decision to list and sell in PA-LCB stores certain products manufactured by Company A and distributed by Company B.

14. For example, on February 11, 2010, representatives of Company A chartered a private jet to fly SHORT and representatives from Company A and Company B to Bonita Springs, Florida, for an

all-expense paid golf vacation. The purpose of the trip was to influence SHORT's recommendation to list a particular product sold by Company A and distributed through Company B. During the three-day trip, representatives of Company A and Company B paid for all of SHORT's food, lodging, expenses and hospitality. Following the trip, SHORT took steps for Company A's product to be listed and sold in PA-LCB stores. On March 31, 2010, upon the recommendation of SHORT's Office of Marketing and Merchandising, the Board of the PA-LCB approved the listing of Company A's product in PA-LCB stores.

16. Also, on December 1, 2011, representatives of Company A paid for SHORT to fly by commercial flight to Bonita Springs, Florida for another all-expense paid golf outing with representatives of Company A and Company B. The purpose of this second trip was to influence SHORT's recommendation to list a number of products sold by Company A and distributed through Company B. During the three-day trip, representatives of Company A and Company B paid for all of SHORT's food, lodging, expenses and hospitality. Following the trip, SHORT took steps for Company A's products to be listed and sold in PA-LCB stores.

On February 8, 2012, upon the recommendation of SHORT's Office of Marketing and Merchandising, the Board of the PA-LCB approved the listing of Company A's products in PA-LCB stores.

18. In an effort to conceal from public disclosure his ongoing financial relationship, involving bribery and kickbacks, with Company A and Company B's representatives, the defendant knowingly and intentionally filed materially false annual statements of financial interests for the years 2002 to 2012. For example, in the statements of financial interest filed with the Pennsylvania Ethics Commission for calendar years 2010 and 2011, the defendant failed to report his receipt of the aforementioned trips to Florida, knowing that the filing of a false statement of financial interests is a criminal offense under Pennsylvania law. See, 65 Pa.C.S. §1109(b).

## EXECUTION OF THE SCHEME

19. Beginning in or about 2002 to on or about 2012, in the Middle District of Pennsylvania, and elsewhere, the defendant,

### JAMES H. SHORT, JR.

for the purpose of executing or attempting to execute the above-described

scheme and artifice to defraud knowingly caused an envelope to be deposited for delivery by United States mails according to the directions thereon.

20.  Specifically, on February 13, 2012, after the PA-LCB approved the listing of certain products for Company A, the defendant caused correspondence to be sent by United States mails to Company A notifying it of the board decision.

In violation of Title 18, United States Code, §§ 1341, 1346, and 2.


PETER J. SMITH
UNITED STATES ATTORNEY

*/s/ Michael A. Consiglio*

By: Michael A. Consiglio
Assistant United States Attorney


8/31/2015
DATE