UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. |
| | : | |
| v. | : | (JUDGE        ) |
| | : | |
| JAMES H. SHORT, JR. | : | (ELECTRONICALLY FILED) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered into by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1.   <u>Waiver of Indictment/Plea of Guilty</u>. The defendant agrees to waive indictment by a grand jury and plead guilty to a felony Information which will be filed against the defendant by the United States Attorney for the Middle District of Pennsylvania. That Information will charge the defendant with a violation of Title 18, United States Code, Sections 1341, 1346, honest services mail fraud. The maximum penalty for that offense is imprisonment for a period of

twenty years, a fine of $250,000, a maximum term of supervised release of three years, to be determined by the court, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offense(s) charged in the Information. The defendant agrees that the United States may, at its sole election, reinstate any dismissed counts or seek additional charges in the event that the charge(s) to which the defendant has pleaded guilty pursuant to this Agreement are subsequently vacated, set aside, or invalidated by the district court or an appellate court. The defendant further agrees to waive any defenses to reinstatement of these charges or additional charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

2.      Term of Supervised Release. The defendant understands that the court must impose a term of supervised release following any sentence of imprisonment exceeding one (1) year, or when required by statute. The court may require a term of supervised release in any other case. In addition, the defendant understands that as a condition of any term of supervised release or probation, the court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

3.      No Further Prosecution, Except Tax Charges. The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense(s) described above. However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

## B. Fines and Assessments

4.      Fine. The defendant understands that the court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful

3

failure to pay any fine imposed by the court, in full, may be considered a breach of this Plea Agreement.  Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

5.    <u>Alternative Fine</u>.  The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

6.    <u>Special Assessment</u>.  The defendant understands that the court will impose a special assessment of $100 pursuant to the provisions of Title 18, United States Code, Section 3013.  Not later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania.  If the defendant

4

intentionally fails to make this payment this failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

7. <u>Collection of Financial Obligations</u>. In order to facilitate the collection of financial obligations to be imposed in connection with this case, defendant consents and agrees to the following:

(a) to fully disclose all assets in which defendant has an interest or over which defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party.

(b) to submit to interviews by the Government regarding the defendant's financial status;

(c) to submit a complete, accurate and truthful financial statement on the form provided by the Government to the United States Attorney's Office not later than 14 days following entry of the guilty plea;

(d) whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any

5

prohibition against communication with a represented party by the Government  regarding defendant's financial status;

(e) to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the court;

(f) to submit any financial information requested by the Probation Office as directed and to the sharing of financial information between the Government and the Probation Office.

## C.  Sentencing Guidelines Calculation

8.    Determination of  Sentencing Guidelines.    The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendments, as interpreted by *United States v. Booker*, 543 U.S. 220 (2005), will apply to the offense or offenses to which the defendant is pleading guilty.  The defendant further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and

the appropriate sentence within the statutory maximums provided for by law, will be determined by the court after briefing, a pre-sentence hearing, and/or a sentencing hearing.

9.     Acceptance of Responsibility–Three Levels.  If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the court to find that the defendant is entitled to a two or three-level reduction shall not be a basis to void this Plea Agreement.

10.     Sentencing Guidelines Stipulations.  With respect to the application of the Sentencing Guidelines to the defendant's conduct, the parties stipulate and agree as follows:

- The applicable sentencing guideline provisions will be U.S.S.G. §§2C1.1.

- The defendant was a public official under U.S.S.G. §2C1.1(a)(1).

7

- The offense involved more than one bribe under U.S.S.G. §2C1.1(b)(1).

- The offense involved a public official in a high-level decision-making or sensitive position under U.S.S.G. §2C1.1(b)(3).

- The court shall determine the loss amount under U.S.S.G. §2C1.1(b)(2) at a sentencing hearing. When determining the "value of the benefit received in return for the payment" (to the extent that it can be determined), the parties stipulate that the calculation be confined to the value of the benefit received by "Company A" and "Company B" as a result of the things of value provided to the defendant by representatives of "Company A" and "Company B" on or about February 11-13, 2010, and on or about December 1-3, 2011.

- Unless otherwise specified in the agreement or an addendum thereto, neither party will seek an upward or downward departure of the sentencing guidelines. However, the parties retain the right to argue for a variance if it is appropriate.

The defendant understands that none of these stipulations are binding upon either the court or the United States Probation Office, which may make different findings as to the application of the Sentencing Guidelines to the defendant's conduct. The defendant further understands that the United States will provide the court and the United States Probation Office all information in its possession

8

which it deems relevant to the application of the Sentencing Guidelines
to the defendant's conduct.

## D. Sentencing Recommendation

11.   Appropriate Sentence Recommendation.  At the time of
sentencing, the United States may make a recommendation that it
considers appropriate based upon the nature and circumstances of the
case and the defendant's participation in the offense, and specifically
reserves the right to recommend a sentence up to and including the
maximum sentence of imprisonment and fine allowable, together with
the cost of prosecution.

12.   Special Conditions of Probation/Supervised Release.  If
probation or a term of supervised release is ordered, the United States
may recommend that the court impose one or more special conditions,
including but not limited to the following:

(a) The defendant be prohibited from possessing a firearm or other
dangerous weapon.

9

(b) The defendant make restitution, if applicable, payment of which shall be in accordance with a schedule to be determined by the court.

(c) The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

(d) The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

(e) The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

(f) The defendant be confined in a community treatment center, halfway house, or similar facility.

(g) The defendant be placed under home confinement.

(h) The defendant be ordered to perform community service.

10

(i) The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

(j) The defendant be directed to attend substance abuse counseling which may include testing to determine whether the defendant is using drugs or alcohol.

(k) The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

(l) The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

(m) The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

### E. Victims' Rights and Restitution

13.   <u>Victims' Rights</u>.  The defendant understands that pursuant to the Victim and Witness Protection Act, the Crime Victims' Rights Act, the Justice for All Act, and the regulations promulgated under

11

those Acts by the Attorney General of the United States, crime victims

have the following rights:

(a)    The right to be reasonably protected from the accused;

(b)    The right to reasonable, accurate, and timely notice of any

public court proceeding or any parole proceeding involving the

crime, or of any release or escape of the accused;

(c)    The right not to be excluded from any such public court

proceeding, unless the court, after receiving clear and convincing

evidence, determines that testimony by the victim would be

materially altered if the victim heard other testimony at that

proceeding;

(d)    The right to be reasonably heard at any public hearing in the

district court involving release, plea, sentencing, or any parole

proceeding.  The defendant understands that the victim's

comments and recommendations at any of these proceedings may

be different than those of the parties to this Agreement;

(e)    The reasonable right to confer with the attorney for the

Government in the case.  The defendant understands that the

12

victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

(f)     The right to full and timely restitution as provided for by law. The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death;

(g)     The right to proceedings free from unreasonable delay; and

(h)     The right to be treated with fairness and with respect for the victim's dignity and privacy.

14.     Restitution. The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, Section 3663A, the court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct. The defendant also agrees that the

13

Government if appropriate will seek and the court may impose an order of restitution as to victims of the defendant's relevant conduct. With respect to the payment of restitution, the defendant further agrees that, as part of the sentence in this matter and if legally required, the defendant shall be responsible for making payment of restitution in full, unless the defendant can demonstrate to the satisfaction of the court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case the defendant will be required to make partial restitution payments. The defendant understands and agrees that the Government has the obligation and the right to pursue any legal means, including but not limited to, submission of the debt to the Treasury Offset Program, to collect the full amount of restitution owed to the victim(s) in a timely fashion. Although the defendant may reserve the right to contest the amount of restitution owed, the defendant agrees to take all steps to facilitate collection of all restitution, including submitting to debtor's exams as directed by the Government. The defendant acknowledges that the making of any payments does not preclude the Government

14

from using other assets or income of the defendant to satisfy the restitution obligations.  The defendant understands that the amount of restitution calculated for purposes of Chapter 5 of the Sentencing Guidelines might be different than the amount of loss calculated for purposes of Chapter 2 of the Sentencing Guidelines.

## F.  Information Provided to Court and Probation Office

15.    Background Information for Probation Office.  The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

16.    Objections to Pre-Sentence Report.  The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania "Policy for Guideline Sentencing" both the United States and defendant must communicate to the Probation Officer within fourteen (14) days after disclosure of the pre-sentence report any objections they may have as to material information,

sentencing classifications, sentencing guideline ranges and policy statements contained in or omitted from the report. The defendant agrees to meet with the United States at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

17.   Relevant Sentencing Information. At the sentencing, the United States will be permitted to bring to the court's attention, and the court will be permitted to consider, all relevant information with

16

respect to the defendant's background, character and conduct including

the conduct that is the subject of the charges which the United States

has agreed to dismiss, and the nature and extent of the defendant's

cooperation, if any. The United States will be entitled to bring to the

court's attention and the court will be entitled to consider any failure by

the defendant to fulfill any obligation under this Agreement.

18.   Non-Limitation on Government's Response. Nothing in this

Agreement shall restrict or limit the nature or content of the United

States' motions or responses to any motions filed on behalf of the

defendant. Nor does this Agreement in any way restrict the

government in responding to any request by the court for briefing,

argument or presentation of evidence regarding the application of

Sentencing Guidelines to the defendant's conduct, including but not

limited to, requests for information concerning possible sentencing

departures.

## G. Court Not Bound by Plea Agreement

19.   Court Not Bound by Terms. The defendant understands

that the court is not a party to and is not bound by this Agreement or

any recommendations made by the parties.  Thus, the court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for twenty years, a fine of $250,000, a maximum term of supervised release of up to three years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits and assessments totaling $100.

20.    No Withdrawal of Plea Based on Sentence or Recommendations.  If the court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the court decline to follow any recommendations by any of the parties to this Agreement.

## H.    Breach of Plea Agreement by Defendant

21.    Breach of Agreement.  In the event the United States believes the defendant has failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of petitioning the court to be relieved of its obligations.  Whether

18

or not the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement.

22.  Remedies for Breach. The defendant and the United States agree that in the event the court concludes that the defendant has breached the Agreement:

(a)  The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

(b)  The United States will be free to make any recommendations to the court regarding sentencing in this case;

(c)  Any evidence or statements made by the defendant during the cooperation phase will be admissible at any trials or sentencings;

(d)    The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea. The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy or other similar grounds.

23.    Violation of Law While Plea or Sentence Pending. The defendant understands that it is a condition of this Plea Agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this Agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while awaiting plea and/or sentencing in this case, the government may petition the court and, if the court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either:  (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the court that it deems appropriate.

20

The defendant further understands and agrees that, if the court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Plea Agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

## I.     Transfer of Information to IRS

24.    Transfer of Case to IRS.  The defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning the defendant and/or this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, law enforcement agencies and licensing and regulatory agencies.

25.    Collection Action by IRS.  Nothing in this Agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this Agreement.

21

26.  <u>Rule 6(e) Order for Transfer of Information to IRS</u>.  The
defendant agrees to interpose no objections to the entry of an order
under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination
Division of the Internal Revenue Service of the defendant's documents,
or documents of third persons, in possession of the Grand Jury, the
United States Attorney or the Criminal Investigation Division of the
Internal Revenue Service.

27.  <u>Cooperation with IRS</u>.  The defendant agrees to fully comply
and cooperate with the Internal Revenue Service by filing all delinquent
or amended tax returns by the date of the defendant's sentencing, and
to timely file all future returns which may come due during the term of
incarceration, probation or supervised release.  The defendant also
agrees to cooperate with the Internal Revenue Service by furnishing the
Internal Revenue Service with all information pertaining to the
defendant's assets and liabilities, as well as all documentation in
support of tax returns filed by the defendant during the term of any
sentence imposed pursuant to this guilty plea.  The defendant further
agrees to pay all taxes, interests and penalties due and owing to the

United States and otherwise fully comply with the tax laws of the United States. The defendant understands, and agrees, that this requirement of full compliance with federal tax laws may be made a condition of any probation or supervised release imposed in this case.

## J.    Deportation

28.    Deportation/Removal from the United States. The defendant understands that, if defendant is not a United States citizen, deportation/removal from the United States is a possible consequence of this plea. The defendant further agrees that this matter has been discussed with counsel who has explained the immigration consequences of this plea. Defendant still desires to enter into this plea after having been so advised.

## K.    Appeal Waiver

29.    Conditional Appeal Waiver. The defendant is aware that Title 18, United States Code, Section 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 1818,, United States Code  United States Code, section 3742(a) affords a United States Code, Section 3742(a) affords a defendant the right to

23

appeal the sentence imposed Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence, on the express condition that the Court impose a sentence within the Guidelines range. In the event the Court imposes a sentence greater than the Guidelines range, the defendant retains the right to appeal the conviction and sentence.

This conditional waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of United States v. Booker, 543 U.S. 220 (2005). The defendant further acknowledges that this conditional appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case.

## L.  Other Provisions

30.   <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office or federal, state or local law enforcement agency.

31.   <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation covered by this Agreement, including but not limited to any claims for attorneys' fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

32.   <u>Plea Agreement Serves Ends of Justice</u>.  The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of  justice.

33.   <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case,

and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral. This agreement cannot be modified other than in writing that is signed by all parties or on the record in court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

34.    Deadline for Acceptance of Plea Agreement. The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., July 10, 2015, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

35.    Required Signatures. None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and

26

defense counsel and then signed by the United States Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

7/8/15
Date

James H. Short, Jr.
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

7/16/15
Date

Christopher Hall, Esquire
Counsel for Defendant

PETER J. SMITH
UNITED STATES ATTORNEY

8/31/2015
Date

By:

Michael A. Consiglio
ASSISTANT U.S. ATTORNEY

MAC/CZ/July 2, 2015
VERSION DATE: November 28, 2014

27